**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JERMMIE MARQUIS DAVIS, #42328-177, | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | **3:13-CV-4574-B-BK** |
| | § | **(3:11-CR-235-B-1)** |
| UNITED STATES OF AMERICA, | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to failure to surrender for service of sentence and was sentenced to 24 months' imprisonment and a one-year term of supervised release. *United States v. Davis*, 3:11-CR-235-B-1 (N.D. Tex. Feb. 27, 2012), *appeal dismissed based on Anders v. California*, No. 12-10281 (5th Cir. Dec. 27, 2012). [1]  In the three grounds raised in this timely section 2255 motion, Petitioner asserts ineffective assistance of counsel, stemming from circumstances related to his mental illness, Schizoaffective Disorder. (Doc. 2 at 7).

**II. ANALYSIS**

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving

---

[1] Petitioner was previously convicted of obscene interstate communications and was ordered to surrender on March 2, 2011. *See United States v. Davis*, No. 3:10-CR-239-B-1 (N.D. Tex. Feb. 11, 2011). When Petitioner failed to self-report, he was charged with the present offense.

party."  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court

presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes,*

*132 F.3d 1106, 1109 (5th Cir. 1998)* (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th

Cir. 1991) (*en banc*)).  Under section 2255 a petitioner can collaterally challenge his conviction

only on constitutional or jurisdictional grounds.  *See United States v. Willis*, 273 F.3d 592, 595

(5th Cir. 2001).  To establish ineffective assistance of counsel, a petitioner must show that

counsel's performance was deficient and that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

<u>Ineffective Assistance of Counsel During Guilty Plea Proceeding</u>

Petitioner asserts defense counsel rendered ineffective assistance by permitting him to

plead guilty despite his incompetence.  (Doc. 1 at 7).  He claims that "had counsel requested a

competency hearing prior to entry of his guilty plea, Petitioner's mental health circumstances

[would] have been fully explored and properly taken into consideration."  (Doc. 3 at 8).

Contrary to Petitioner's claims, there was ample evidence of Petitioner's mental health condition

before the Court.  Further, he offers no evidence to refute the Court's finding that he was

competent at the time of his guilty plea.

In June 2010, defense counsel caused Petitioner to be examined as a precautionary

measure in connection with his prosecution in case number 3:10-CR-239-B (the same attorney,

Assistant Federal Public Defender Carlton McClarty, represented Defendant in that case and on

the subsequent failure to surrender offense).  *See* Case No. 3:11-CR-0235-B, Doc. 28 at 12.

Then, Dr. Antoinette McGarrahan determined that, while Petitioner had suffered from mental

illnesses throughout his life, including schizoaffective disorder, he was capable of consulting

with his lawyer, reasonably understood the proceedings against him, and was capable of

understanding and weighing the risks and benefits of accepting the plea agreement.  *See id.*;

Psychological Report, Doc. 26 at 6, Case No. 3:10-CR-00239-B.  Subsequently, at his re-

arraignment hearing on the failure to surrender charge, defense counsel, referencing Dr.

McGarrahan's 2010 report, stated, "I have visited with Mr. Davis several times out in Seagoville.

He does seem to fully understand the charges, and I don't think there's any change in his

competency level from the findings of Dr. McGarrahan.  So I would -- I do think he's competent

to proceed today."  Case No. 3:11-CR-0235-B, Doc. 27, at 4.  Thus, the record does not offer any

support for Petitioner's assertion that an additional mental health evaluation was necessary or

that counsel was ineffective for failing to request one.  *See Preston*, 209 F.3d at 785 (5th Cir.

2000) (counsel is not required to present a frivolous motion or objection).

Moreover, Petitioner's conclusory assertion that counsel "rendered his guilty plea

unknowing, involuntary, and unintelligent" (Doc. 3 at 7) is clearly insufficient to raise a

cognizable claim of ineffective assistance of counsel.  *See Miller v. Johnson*, 200 F.3d 274, 282

(5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)) (conclusory claims

of ineffective assistance of counsel do not raise constitutional issue in habeas proceeding);

*United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements are insufficient to

state a constitutional claim in a section 2255 proceeding).  That notwithstanding, the record

clearly refutes Petitioner's assertions that his plea was involuntary.  Petitioner confirmed under

oath that there were no mental health issues which "would interfere with [his] ability to fully

comprehend and participate in this proceeding."  Case No. 3:11-CR-0235-B, Doc. 27 at 4.  And,

at the conclusion of the hearing, the Court found Petitioner "fully competent and capable of

entering an informed plea; that he is aware of the nature of the charges against him and the consequences of his plea; and that his plea of guilty is a knowing and voluntary plea." *Id*. at 17.

Finally, as discussed in the following section, there was ample consideration of Petitioner's mental health history and circumstances at sentencing.  For the foregoing reasons, Petitioner has failed to demonstrate counsel's performance was deficient or that he was prejudiced.  Accordingly, Petitioner's claim of ineffective assistance of counsel at the guilty plea stage fails.

<u>Ineffective Assistance of Counsel at Sentencing</u>

Petitioner asserts defense-rendered ineffective assistance in failing to present evidence of his mental illness at sentencing and in failing to request mitigation under the "safe harbor" provision.  (Doc. 1 at 7; Doc. 3 at 4-6).  In support, he states counsel did not "take his mental disabilities into account" and did not request a competency hearing to confirm his mental deficiencies and medication.  (Doc. 3 at 5-6).  However, since the record clearly showed that Petitioner had mental health issues, there is no evidence that an additional mental health evaluation was warranted.  Moreover, the record clearly belies Petitioner's assertions that his counsel failed to take his mental health issues into account.

As discussed previously herein, in June 2010, defense counsel caused Petitioner to be examined by Dr. Antoinette McGarrahan in connection with his prosecution in case number 3:10-CR-239-B.  Dr. McGarrahan's report, which noted Petitioner's diagnosis of schizoaffective disorder, was also made available to the Court and Probation Officer in the underlying failure to surrender case.  Case No. 3:11-CR-0235-B, Doc. 27 at 4.  In addition, the Presentence Report in the underlying case thoroughly recounted Petitioner's mental health history, including his previous diagnoses of schizoaffective disorder, bipolar disorder, schizophrenia, depression, and

4

other related deficiencies.  *See* Case No. 3:11-CR-0235-B, Doc. 17-1 at 12-13.  Petitioner does

not indicate what other relevant mental health conditions any additional evaluation would have

revealed.

Moreover, contrary to Petitioner's assertions, at sentencing, defense counsel addressed

Petitioner's mental illness in detail.  After noting Dr. McGarrahan's previous finding that

Petitioner was competent, counsel urged the Court to "take into account [Petitioner's] mental

health history" and his "fear of prison rape," and assess a sentence at the low end.  *See* Case No.

3:11-CR-0235-B, Doc. 28 at 12-13.  The Court commended counsel for not giving up on

Petitioner and going above and beyond what could be expected of any defense counsel.  *See Id.*

Doc. 28 at 15, 17.[2]

Furthermore, defense counsel was not required to make a frivolous motion or objection

under the "safe harbor" provision of 18 U.S.C. § 3146(c).[3]  *See United States v. Preston*, 209

F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's

performance to fall below an objective level of reasonableness.").  Relying on his well-

documented mental defect, Petitioner argues that "he lacked the mental capacity to conform his

---

[2] In the *Sentencing Memorandum*, defense counsel summarized Petitioner's mental disorder, claiming that it had contributed to the conduct in this case.  *See* Doc. 20 at 4.  Counsel also contended that USSG §5K2.13, Diminished Capacity, provided a possible ground for a departure or variance in Petitioner's case.  *Id.*

[3] Petitioner mistakenly cites to 28 U.S.C. § 3146(a)(2) instead of section 3146(c).  (Doc. 3 at 4). The latter provides:

> It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist.

18 U.S.C. § 3146(c).

conduct to the requirements of the law during the relative time period, resulting in 'uncontrollable circumstances.'"  (Doc. 3 at 4).  Even assuming Petitioner could have established "uncontrollable circumstances" within the meaning of the statute, a "safe harbor" affirmative defense nonetheless would have failed.  "Section 3146(c) requires proof that the defendant did not contribute to the creation of the uncontrollable circumstance 'in reckless disregard of the requirement to appear.'"  *See United States v. Perry*, 20 Fed. Appx. 97, 107-08 (4th Cir. 2001) (summarizing legislative history and case law interpreting section 3146(c)).  Here, by fleeing and wandering from state to state, Petitioner contributed to his failure to surrender to serve his sentence, in reckless disregard of his obligation to do so.  *See id.* (rejecting affirmative defense under section 3146(c) because travel to another state in violation of conditions of release contributed to the defendant's failure to appear).

Again, Petitioner has failed to demonstrate counsel's performance was deficient at sentencing or that he was prejudiced.  Thus, Petitioner's claim fails.

<u>Ineffective Assistance of Counsel During First Criminal Prosecution</u>

Lastly, Petitioner contends defense counsel was ineffective for failing to object "to [his] release pending surrender to the United States Marshal's Service" in Case No. 3:10-CR-239-B.  (Doc. 1 at 7).  Because this claim relates to Petitioner's first criminal case, it is not cognizable in this action.

<u>Evidentiary Hearing Not Required</u>

Petitioner maintains that he is entitled to an evidentiary hearing to develop the claims raised in this section 2255 motion.  (Doc. 3 at 10).  However, "[w]hen the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing."  *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see*

*also United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (petitioner was not entitled to evidentiary hearing because he did not meet his burden of proof under section 2255).

Accordingly, because Petitioner's claims lack merit for the reasons stated above, no evidentiary hearing is required in this section 2255 proceeding.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

SIGNED December 2, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE